IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL LENOIR SMITH,

      Plaintiff,                    No. CIV S-08-1788 MCE JFM P

      vs.

STATE OF CALIFORNIA,

      Defendant.               FINDINGS AND RECOMMENDATIONS

      Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff's in forma pauperis application does not meet the requirements of 28 U.S.C. § 1915 (b)(1) and (2). In particular, plaintiff has not provided a certified copy of his prison trust account statement for the six month period immediately preceding the filing of his complaint.[1] Accordingly, plaintiff's application will be dismissed and plaintiff will be provided

---

[1] In addition, plaintiff has not filed his application for leave to proceed in forma pauperis on the form used by this district. Use of the form assists plaintiff to establish and the court to evaluate plaintiff's in forma pauperis status in light of 28 U.S.C. § 1915 (b)(1) and (2).

1

the opportunity to submit the application on the appropriate form together with a certified copy of his prison trust account statement for the six month period immediately preceding the filing of his complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, slip op. at 7-8, in turn quoting

Conley v. Gibson, 355 U.S. 41, 47 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff is serving a sentence of twenty-five years to life in prison following his 2002 conviction on charges of selling cocaine in violation of state law. See Petition for Writ of Habeas Corpus, filed September 18, 2006, in Case No. 2:06-cv-02072-JKS-KJM (HC).[2] Plaintiff's sentence was enhanced with the use of two prior convictions. See id. By this action, plaintiff challenges California's sentencing enhancement laws, claiming that they violates several provisions of the federal constitution. Plaintiff seeks review of California's sentencing laws and a declaration that "California does not have the right to violate federally protected constitutional rights to meet state penological objective [sic]." Complaint, filed August 1, 2008, at 3. The sole defendant named in the action is the State of California.

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486. The so-called "favorable termination" rule announced in Heck applies to claims for declaratory relief. See Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1141 (9th Cir. 2005).

Under Heck, the court is required to determine whether a judgment in plaintiff's favor in this case would necessarily invalidate his conviction or sentence. Id. If it would, the complaint must be dismissed unless the plaintiff can show that the conviction or sentence has

---

[2] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1  been invalidated.³ This court finds that plaintiff's action implicates the validity of plaintiff's
2  sentence, and that plaintiff has not shown that the sentence has been invalidated.⁴ Accordingly,
3  this action must be dismissed without prejudice. See Heck v. Humphrey, 512 U.S. at 486-87.
4         In accordance with the above, IT IS HEREBY ORDERED that:
5         1. Plaintiff's August 1, 2008 application to proceed in forma pauperis is
6  dismissed without prejudice;
7         2. The Clerk of the Court is directed to send plaintiff a new Application to
8  Proceed In Forma Pauperis By a Prisoner;
9         3. Plaintiff is granted twenty days from the date of this order to complete the
10 attached Notice of Submission and submit the following documents to the court:
11         a. The completed Notice of Submission; and
12         b. A complete application to proceed in forma pauperis on the form
13 provided with this order together with a certified copy of plaintiff's inmate trust account
14 statement for the six month period that preceded the filing of this action.
15         IT IS HEREBY RECOMMENDED that this action be dismissed without
16 prejudice.
17         These findings and recommendations are submitted to the United States District
18 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
19 days after being served with these findings and recommendations, plaintiff may file written
20 objections with the court. The document should be captioned "Objections to Magistrate Judge's

---

³ Plaintiff expressly asserts in his complaint that he is not challenging his sentence and that he is limiting his challenge to the constitutionality of the state laws that permit use of convictions for which prison sentences have already been served to enhance subsequent sentences. See Complaint, at 6. That assertion is immaterial. "[A] state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sough (damages or equitable relief), no matter the target of the prisoner's suit . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

⁴ In fact, petitioner's federal habeas corpus petition challenging that sentence, Case No. 2:06-cv-02072 JKS KJM (HC) is still pending in this court. See footnote 2, supra.

1  Findings and Recommendations." Plaintiff is advised that failure to file objections within the
2  specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951
3  F.2d 1153 (9th Cir. 1991).
4  DATED: August 19, 2008.

UNITED STATES MAGISTRATE JUDGE

12
smit1788.56

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL LENOIR SMITH,

      Plaintiff,                          No. 2:08-cv-1788 JFM (PC)

    vs.

STATE OF CALIFORNIA,

           Defendant.                NOTICE OF SUBMISSION

_____/

      Plaintiff hereby submits the following document in compliance with the court's order filed _____:

           _____      Complete In Forma Pauperis Application

           _____      Certified Copy of Trust Account Statement

DATED:

                                          _____
                                          Plaintiff